Filed 12/23/22  P. v. Cruz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B319452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA144805) |
| v. | |
| JUAN CARLOS CRUZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Juan Carlos Cruz (Cruz) appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2] His appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking us to independently review the appeal. Exercising our discretion to independently review the record (*People v. Delgadillo* (Dec. 19, 2022, S266305) __ Cal.5th __ (*Delgadillo*)),[3] we affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] While this matter was pending, our Supreme Court issued *Delgadillo, supra,* __ Cal.5th __. The court held that the procedures in *Anders v. California* (1967) 386 U.S. 738 and *Wende* do not apply to appeals from the denial of postconviction relief under section 1172.6. (*Delgadillo, supra,* __ Cal.5th __ [pp. 16–17].) The court instructed that on appeal from an order denying section 1172.6 relief, a counsel who finds no arguable issue should file a brief informing the appellate court of that determination and include a concise factual recitation. The appellate court shall send a copy of the brief to the defendant informing the defendant of the right to file a supplemental brief and that if one is not filed within 30 days, the court may dismiss the matter. If a supplemental brief is filed, we must evaluate the contentions in it. If a supplemental brief is not filed, we may dismiss the appeal as abandoned without a written opinion. However, we retain discretion to independently review the record. (*Delgadillo, supra,* __ Cal.5th __ [pp. 17–19].) Thus, in *Delagdillo, supra,* __ Cal.5th __ [pp. 19–20], the Supreme Court

2

**FACTUAL AND PROCEDURAL BACKGROUND**

An information filed on July 9, 2018, charged Cruz with murder with malice aforethought (§ 187, subd. (a); count 1), and shooting at an occupied vehicle (§ 246; count 2). As to each count, the information alleged violations of section 12022.53, subdivisions (b), (c), and (d). He was convicted on count 1 of second degree murder (§ 187, subd. (a)), and shooting at an occupied vehicle in violation of section 246 under count 2. He was likewise found to have violated section 12022.53, subdivisions (b), (c), and (d).

On January 15, 2020, Cruz was sentenced to prison for 40 years to life. He was sentenced on the basis that he was the actual shooter of the victim. In 2021, this court modified the judgment to accurately reflect Cruz's actual custody credits, but otherwise affirmed. (*People v. Cruz* (Apr. 29, 2021, B304290) [nonpub. opn.].)

In February 2022, Cruz filed, *in propria persona*, a form fashioned as a "Petition for Resentencing" under section 1170.95. It was filed after the effective date of Senate Bill 775. He alleged

---

exercised that discretion because the notice sent to Delgadillo was "suboptimal," having cited *Wende* after counsel had filed a *Wende* brief, but not mentioning that Delgadillo's appeal might be dismissed if he did not file a supplemental brief, thereby making it "reasonabl[e]" for Delgadillo to conclude "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." Because the notice sent to Cruz was similarly "suboptimal[,]" we exercise our discretion to independently review the record.

that the information allowed the prosecution to proceed under theories of felony murder, and murder under the natural and probable consequences theories or other theories where malice is imputed based solely on the person's participation in the crime; also he urged that he was convicted of murder, and he could not be presently convicted because of changes made to sections 188 and 189, effective January 1, 2019.  (§ 1170.95, subd. (a)(3).)

In March 2022, the trial court summarily denied the petition.  The court concluded Cruz was "not entitled to relief as a matter of law" because he was the actual killer and he was not convicted under a theory of felony murder of any degree, or a theory of natural and probable consequences.  In addition, the court noted there were no jury instructions for aiding and abetting, felony murder, or natural and probable consequences.  Citing the opinion on direct appeal, the court noted the opinion reflects petitioner, "was the actual killer and was convicted of murder on a theory of being the direct perpetrator and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."

In April 2022, Cruz filed a document he styled as a "Petition for Writ of Mandate" challenging the trial court's March 2022 order denying the petition.  This court issued an order treating the petition as a notice of appeal from the March 2022 order.

Counsel was appointed for Cruz.  In preparation for the appeal, counsel requested judicial notice of court records, files, transcripts, and decisions and official acts of the Second District Court of Appeal, Division Three, including its unpublished written decision from April 2021.  Counsel also requested judicial notice of the entire record on appeal including all clerk's and

4

reporter's transcripts, in prior related appeal B304290, including all jury instructions/requests during deliberations and the closing arguments to the jury. We granted the judicial notice request in its entirety.

In his *Wende* brief, counsel for Cruz explains in detail the facts as quoted from the opinion on direct appeal. We have no additional need to do so here, and we briefly summarize the events leading to the death of the victim.

This case grows out of an unfortunate relationship that developed between Cruz and Jennifer Perez (Perez), the wife of the murder victim Arturo Villanueva (Villanueva). Briefly, at some point in April of 2017, Perez came to believe Villanueva was cheating on her. As revenge, she began an affair with Cruz. Potential violence and threats between Villanueva and Cruz escalated until the night of November 18, 2017, when Cruz, angered at Villanueva, shot him while he—Villanueva—was sitting in his vehicle. Villanueva died of multiple gunshot wounds. He was shot six times, four of which were fatal.

Cruz was arrested on November 30, 2017. Until the murder of Villanueva, Cruz (the father of three young children) had no criminal record.

## DISCUSSION

Court-appointed appellate counsel filed an opening brief that raises no issues but asks this court to independently review the record under *Wende*. We have reviewed the record as well as the matters for which we granted counsel's request for judicial notice. We have also notified Cruz that his attorney has found no arguable issues under *Wende*, and we have given Cruz the opportunity to file a brief on his own behalf, which he has not done.

5

We are satisfied no arguable issues exist.  We further conclude Cruz's attorney has fully complied with the responsibilities of counsel.  *(People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra,* 25 Cal.3d at pp. 441–442).

We add that the absence of felony murder, and natural and probable consequences being sought at trial leaves little doubt that Cruz's conviction for second degree murder was not predicated on those theories.  (*See People v. Daniel* (2020) 57 Cal.App.5th 666, 677 & fn. 4 [summary denial is appropriate in the absence of jury instructions on felony murder or natural and probable consequences doctrines].)  Under the circumstances, the jury must have concluded Cruz had the intent to kill.  He is therefore ineligible for section 1172.6 relief, as the trial court found.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


BENKE, J.*

We concur:



LAVIN, Acting P. J.



EGERTON, J.

---

* Retired Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.